# Complaint Exhibit 7

**Medicare Appeal Number:**

**1-15371266459**

July 22, 2025

**LAW OFFICES OF WACHLER & ASSOCIATES**
**210 E THIRD STREET**
**SUITE 204**
**ROYAL OAK, MI 48067**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *****[redacted]
APPELLANT: WYOMING MEDICAL ASSOCIATES, LLC

DEAR K. DELBENE:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

**C2C Innovative Solutions, Inc.**
P.O. Box 45258, Jacksonville, Florida 32232-5258
www.C2Cinc.com

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 18, 2024 - April 30, 2024, for payment to Noridian Healthcare Solutions, LLC Part B.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, WYOMING MEDICAL ASSOCIATES, LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 04, 2024, December 05, 2024, December 19, 2024, Noridian Healthcare Solutions, LLC Part B completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On May 30, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  112.0 units of Drug Services
  4.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Authorization to Represent the Appellant
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/30/2024) |
| Non-covered | | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Non-covered | | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Dismissed | | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/26/2024) |
| | | 15272: Skin Sub Graft T/A/L Add-On - (04/26/2024) |
| Dismissed | | 15272: Skin Sub Graft T/A/L Add-On - (04/18/2024) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/18/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act); and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Sections 20 and 90]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,

WPDM2010_000118_003 OF 006

- One that meets, but does not exceed, the beneficiary's medical need.
[The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square (sq) centimeter (cm) (Q4262), application of skin substitute (15271) and application of skin substitute (15272), at issue was submitted for payment and denied. Upon redetermination, an unfavorable decision was made because the service was determined to be not reasonable and necessary and investigational. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. In this instance, the medical records reflect the beneficiary has a chronic leg wound and has failed previous interventions.

However, the QIC finds that Impax amniotic membrane (Q4262) is experimental and investigational as denoted by the Q code status nonmenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Impax amniotic membrane (Q4262) is considered investigational and is not payable as per CMS, it is the QIC's determination that the Impax amniotic membrane barrier (A4262) does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed.

In conclusion, the decision of the QIC is unfavorable.

This pertains to the application of skin substitutes (15271) and application of skin substitute (15272).

Section 1869 of the Social Security Act (the Act) entitles any individual dissatisfied with the contactor's redetermination to file a request, within 180 days of receipt of the redetermination, for a reconsideration. [The Centers for Medicare & Medicaid (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-04, Medicare Claims Processing Manual (MCPM), Chapter 29, Section 320]

Based on the information available, there was not a redetermination (first level of appeal) conducted by the Medicare Administrative Contractor (MAC). You must first appeal to the MAC. If the MAC reviews your case and makes an unfavorable partially unfavorable decision, you will then have appeals rights to file a request for reconsideration (second level appeal) with C2C Innovative Solutions, Inc. If you disagree with this dismissal, you have two options:

1. If you think you have good and sufficient cause or we have made an error, you may ask us to vacate our dismissal in accordance with Title 42 Code of Federal Regulation (42 CFR) Section 405.972(d). We will vacate our dismissal if we determine you have good and sufficient cause. If you want to request that we vacate this dismissal, you must file a request within six months of the date of this notice. In your request, please explain why you believe you have good and sufficient cause. Please send your request to:

QIC Part B North
C2C Innovative Solutions, Inc.

P.O. Box 45258
Jacksonville, FL 32232-5258

2. If you think we have incorrectly dismissed your request (for example, you believe that a redetermination was conducted), you may request a hearing by an Administrative Law Judge (ALJ) pursuant to 42 CFR Section 405.1004. The amount in controversy must be over $180.00, and your request must be filed within 60 days of receipt of this letter. The ALJ will have 90 days to complete the review. In your request, please explain why you believe the dismissal was incorrect. The ALJ's review will be limited to whether the dismissal was appropriate based on the evidence in the case at the time of the QIC's review. If the ALJ determines that the QIC's dismissal was in error, he or she vacates the dismissal and remands the case to the QIC for a reconsideration. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights."

42 CFR Section 405.966(a)(2) states that all evidence that is not submitted prior to the issuance of the reconsideration decision will not be considered at the ALJ level, or made part of the administrative record, unless the appellant demonstrates good cause as to why the evidence was not provided prior to the issuance of this decision. This requirement does not apply to beneficiaries, unless they are represented by a physician/supplier or a provider of services.

The decision of the QIC is to dismiss the service(s).

Claim Number: [redacted]

The decision of the QIC is unfavorable and the dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable and to dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Noridian Healthcare Solutions, LLC Part B bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges. The record does not support the beneficiary was notified in advance with a properly executed Advance Beneficiary Notice or other applicable notice as required by the Social Security Act that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s).

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15371266459**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | WYOMING MEDICAL ASSOCIATES, LLC |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 04/26/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/26/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/18/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/18/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/30/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

## IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS

### Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ**.* A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

### How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

### Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

### Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

### Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

### Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

WPOM2013 - 00011B - 005 OF 006

OMHA/Central Operations

AUG 08 2025

RECEIVED

earthsmart
FedEx carbon-neutral
envelope shipping

Express

Align top of FedEx Express® shipping label here.

FedEx FedEx FedEx

ORIGIN ID:DETA (248) 544-0888
WACHLER & ASSOCIATES, P.C.
210 E. THIRD STREET, SUITE 204
ROYAL OAK, MI 48067
UNITED STATES US

SHIP DATE: 06AUG25
ACTWGT: 0.50 LB
CAD: 7428623/INET4535

BILL SENDER

TO HHS OMHA CENTRAL OPERATIONS
1001 LAKESIDE AVENUE
SUITE 930
CLEVELAND OH 44114
(248) 544-0888 REF:
INV:
PO: DEPT:

FedEx Express
E

FedEx
TRK# 0201 8833 5771 9036
FRI - 08 AUG 5:00P
** 2DAY **

SP BKLA
44114
OH-US CLE

58GJ2/E4ED/59F2

**Medicare Appeal Number:**

**1-15371266459**

July 22, 2025

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

**LAW OFFICES OF WACHLER & ASSOCIATES**
**210 E THIRD STREET**
**SUITE 204**
**ROYAL OAK, MI 48067**

**Medicare Reconsideration Decision**

RE:
BENEFICIARY: [redacted]
MED ID#: *******[redacted]
APPELLANT: WYOMING MEDICAL ASSOCIATES, LLC

DEAR K. DELBENE:

This letter is to inform you of the decision on your Medicare appeal. An appeal is a new and independent review of a claim. You are receiving this letter because you requested an appeal for the services shown under the Appeal Details section.

The appeal decision is UNFAVORABLE. Our decision is that Medicare will make no additional payment. More information on the decision is provided on the next pages. You are not required to take any action.

If you disagree with the decision, you may appeal to an Administrative Law Judge (ALJ). You must file your appeal, in writing, within 60 days of receipt of this letter. Receipt of this letter is presumed to be 5 calendar days after the date stated above unless you can show you did not receive the notice within that time. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights". The amount still in dispute is estimated to be equal to or over $190.00. However, the ALJ will determine if your appeal case meets the $190.00 amount in controversy requirement for an ALJ hearing. If this appeal is partially favorable or unfavorable, and it originated from an overpayment, the Medicare

Administrative Contractor (MAC) is responsible for processing this determination in accordance with standard Medicare methodologies. Any outstanding debts, prior coverage, and prior reimbursement will be taken into account when processing this decision. The MAC will issue a demand letter containing information regarding the collection process, interest accrual, and requesting an extended repayment schedule (ERS).

A copy of this letter was also sent to the parties shown below. C2C Innovative Solutions, Inc. was contracted by Medicare to review your appeal. For more information on how to appeal, see the page titled "Important Information About Your Appeal Rights."

Sincerely,

Office of the Project Director
Medicare Part B North Project

CC: [redacted]

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 18, 2024 - April 30, 2024, for payment to Noridian Healthcare Solutions, LLC Part B.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, WYOMING MEDICAL ASSOCIATES, LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 04, 2024, December 05, 2024, December 19, 2024, Noridian Healthcare Solutions, LLC Part B completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On May 30, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  112.0 units of Drug Services
  4.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Authorization to Represent the Appellant
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
| --- | --- | --- |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/30/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Dismissed | [redacted] | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/26/2024) |
| | | 15272: Skin Sub Graft T/A/L Add-On - (04/26/2024) |
| Dismissed | [redacted] | 15272: Skin Sub Graft T/A/L Add-On - (04/18/2024) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/18/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act); and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Sections 20 and 90]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,

- One that meets, but does not exceed, the beneficiary's medical need.
[The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square (sq) centimeter (cm) (Q4262), application of skin substitute (15271) and application of skin substitute (15272), at issue was submitted for payment and denied. Upon redetermination, an unfavorable decision was made because the service was determined to be not reasonable and necessary and investigational. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. In this instance, the medical records reflect the beneficiary has a chronic leg wound and has failed previous interventions.

However, the QIC finds that Impax amniotic membrane (Q4262) is experimental and investigational as denoted by the Q code status nonmenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Impax amniotic membrane (Q4262) is considered investigational and is not payable as per CMS, it is the QIC's determination that the Impax amniotic membrane barrier (A4262) does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed.

In conclusion, the decision of the QIC is unfavorable.

This pertains to the application of skin substitutes (15271) and application of skin substitute (15272).

Section 1869 of the Social Security Act (the Act) entitles any individual dissatisfied with the contactor's redetermination to file a request, within 180 days of receipt of the redetermination, for a reconsideration. [The Centers for Medicare & Medicaid (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-04, Medicare Claims Processing Manual (MCPM), Chapter 29, Section 320]

Based on the information available, there was not a redetermination (first level of appeal) conducted by the Medicare Administrative Contractor (MAC). You must first appeal to the MAC. If the MAC reviews your case and makes an unfavorable partially unfavorable decision, you will then have appeals rights to file a request for reconsideration (second level appeal) with C2C Innovative Solutions, Inc. If you disagree with this dismissal, you have two options:

1. If you think you have good and sufficient cause or we have made an error, you may ask us to vacate our dismissal in accordance with Title 42 Code of Federal Regulation (42 CFR) Section 405.972(d). We will vacate our dismissal if we determine you have good and sufficient cause. If you want to request that we vacate this dismissal, you must file a request within six months of the date of this notice. In your request, please explain why you believe you have good and sufficient cause. Please send your request to:

QIC Part B North
C2C Innovative Solutions, Inc.

P.O. Box 45258
Jacksonville, FL 32232-5258

2. If you think we have incorrectly dismissed your request (for example, you believe that a redetermination was conducted), you may request a hearing by an Administrative Law Judge (ALJ) pursuant to 42 CFR Section 405.1004. The amount in controversy must be over $180.00, and your request must be filed within 60 days of receipt of this letter. The ALJ will have 90 days to complete the review. In your request, please explain why you believe the dismissal was incorrect. The ALJ's review will be limited to whether the dismissal was appropriate based on the evidence in the case at the time of the QIC's review. If the ALJ determines that the QIC's dismissal was in error, he or she vacates the dismissal and remands the case to the QIC for a reconsideration. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights."

42 CFR Section 405.966(a)(2) states that all evidence that is not submitted prior to the issuance of the reconsideration decision will not be considered at the ALJ level, or made part of the administrative record, unless the appellant demonstrates good cause as to why the evidence was not provided prior to the issuance of this decision. This requirement does not apply to beneficiaries, unless they are represented by a physician/supplier or a provider of services.

The decision of the QIC is to dismiss the service(s).

Claim Number: [redacted]

The decision of the QIC is unfavorable and the dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable and to dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number[redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number[redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Noridian Healthcare Solutions, LLC Part B bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges. The record does not support the beneficiary was notified in advance with a properly executed Advance Beneficiary Notice or other applicable notice as required by the Social Security Act that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s).

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15371266459**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **WYOMING MEDICAL ASSOCIATES, LLC** |

| Claim Number | Date of Service | Procedure | Medicare QIC Decision |
|---|---|---|---|
| [redacted] | 04/26/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/26/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/18/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/18/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/30/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

**IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS**

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

**Medicare Appeal Number:**
**1-15371266459**

July 22, 2025

**WYOMING MEDICAL ASSOCIATES, LLC**
**PO BOX 1805**
**GILLETTE, WY 82717-1805**

**Medicare Reconsideration Decision**

RE: Reconsideration Request
Reference the attached Appeal Details page

DEAR WYOMING MEDICAL ASSOCIATES, LLC:

LAW OFFICES OF WACHLER & ASSOCIATES requested a QIC reconsideration for the service(s) identified on the attached pages. Based on Medicare guidelines, you are entitled to a copy of our decision. Refer to the attached information for a description of the services that were at issue as well as our decision.

This notice is an informational copy for your records.

Sincerely,

Office of the Project Director
Medicare Part B North Project

Enclosure: Reconsideration decision

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone number:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 18, 2024 - April 30, 2024, for payment to Noridian Healthcare Solutions, LLC Part B.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, WYOMING MEDICAL ASSOCIATES, LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 04, 2024, December 05, 2024, December 19, 2024, Noridian Healthcare Solutions, LLC Part B completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On May 30, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  112.0 units of Drug Services
  4.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Authorization to Represent the Appellant
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/30/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Dismissed | [redacted] | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/26/2024) |
| | [redacted] | 15272: Skin Sub Graft T/A/L Add-On - (04/26/2024) |
| Dismissed | [redacted] | 15272: Skin Sub Graft T/A/L Add-On - (04/18/2024) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/18/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act); and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Sections 20 and 90]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,
- One that meets, but does not exceed, the beneficiary's medical need.
[The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square (sq) centimeter (cm) (Q4262), application of skin substitute (15271) and application of skin substitute (15272), at issue was submitted for payment and denied. Upon redetermination, an unfavorable decision was made because the service was determined to be not reasonable and necessary and investigational. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. In this instance, the medical records reflect the beneficiary has a chronic leg wound and has failed previous interventions.

However, the QIC finds that Impax amniotic membrane (Q4262) is experimental and investigational as denoted by the Q code status nonmenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Impax amniotic membrane (Q4262) is considered investigational and is not payable as per CMS, it is the QIC's determination that the Impax amniotic membrane barrier (A4262) does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed.

In conclusion, the decision of the QIC is unfavorable.

This pertains to the application of skin substitutes (15271) and application of skin substitute (15272).

Section 1869 of the Social Security Act (the Act) entitles any individual dissatisfied with the contactor's redetermination to file a request, within 180 days of receipt of the redetermination, for a reconsideration. [The Centers for Medicare & Medicaid (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-04, Medicare Claims Processing Manual (MCPM), Chapter 29, Section 320]

Based on the information available, there was not a redetermination (first level of appeal) conducted by the Medicare Administrative Contractor (MAC). You must first appeal to the MAC. If the MAC reviews your case and makes an unfavorable partially unfavorable decision, you will then have appeals rights to file a request for reconsideration (second level appeal) with C2C Innovative Solutions, Inc. If you disagree with this dismissal, you have two options:

1. If you think you have good and sufficient cause or we have made an error, you may ask us to vacate our dismissal in accordance with Title 42 Code of Federal Regulation (42 CFR) Section 405.972(d). We will vacate our dismissal if we determine you have good and sufficient cause. If you want to request that we vacate this dismissal, you must file a request within six months of the date of this notice. In your request, please explain why you believe you have good and sufficient cause. Please send your request to:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

2. If you think we have incorrectly dismissed your request (for example, you believe that a redetermination was conducted), you may request a hearing by an Administrative Law Judge (ALJ) pursuant to 42 CFR Section 405.1004. The amount in controversy must be over $180.00, and your request must be filed within 60 days of receipt of this letter. The ALJ will have 90 days to complete the review. In your request, please explain why you believe the dismissal was incorrect. The ALJ's review will be limited to whether the dismissal was appropriate based on the evidence in the case at the time of the QIC's review. If the ALJ determines that the QIC's dismissal was in error, he or she vacates the dismissal and remands the case to the QIC for a reconsideration. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights."

42 CFR Section 405.966(a)(2) states that all evidence that is not submitted prior to the issuance of the reconsideration decision will not be considered at the ALJ level, or made part of the administrative record, unless the appellant demonstrates good cause as to why the evidence was not provided prior to the issuance of this decision. This requirement does not apply to beneficiaries, unless they are represented by a physician/supplier or a provider of services.

The decision of the QIC is to dismiss the service(s).

Claim Number: [redacted]

The decision of the QIC is unfavorable and the dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable and to dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Noridian Healthcare Solutions, LLC Part B bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges. The record does not support the beneficiary was notified in advance with a properly executed Advance Beneficiary Notice or other applicable notice as required by the Social Security Act that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s).

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15371266459**

## Appeal Details

| | |
|---|---|
| **Beneficiary** | [redacted] |
| **Provider** | **WYOMING MEDICAL ASSOCIATES, LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 04/26/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/26/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/18/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/18/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/30/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

**IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS**

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227

**Medicare Appeal Number:**
**1-15371266459**

July 22, 2025

[redacted]

**Medicare Reconsideration Decision**

RE: Reconsideration Request
Reference the attached Appeal Details page

DEAR [redacted]

LAW OFFICES OF WACHLER & ASSOCIATES requested a QIC reconsideration for the service(s) identified on the attached pages. Based on Medicare guidelines, you are entitled to a copy of our decision. Refer to the attached information for a description of the services that were at issue as well as our decision.

This notice is an informational copy for your records.

Sincerely,

Office of the Project Director
Medicare Part B North Project

Enclosure: Reconsideration decision

**Contact Information**

If you have questions, write or call:

***C2C Innovative Solutions, Inc.***
Medicare Part B North
QIC Contractor
P.O. Box 45258
Jacksonville, FL 32232-5258

*Telephone number:*
904-224-7426

Who we are:
We are a Qualified Independent Contractor (QIC). Medicare has contracted with us to review your file and make an independent decision.

## Summary of Facts

- The service(s) shown below was/were submitted for date(s) April 18, 2024 - April 30, 2024, for payment to Noridian Healthcare Solutions, LLC Part B.
- The explanation of the decision was released in a Medicare Summary Notice to the beneficiary and a Remittance Advice to the provider, WYOMING MEDICAL ASSOCIATES, LLC.
- A request for a redetermination appeal was submitted to the Medicare contractor. On December 04, 2024, December 05, 2024, December 19, 2024, Noridian Healthcare Solutions, LLC Part B completed the appeal and sent notice of the decision to the appropriate parties.
- The Medicare contractor found the service(s) was/were unfavorable based on the following reason(s):
  The information provided did not support the need and/or medical necessity.
- On May 30, 2025, a Qualified Independent Contractor (QIC) reconsideration request was received for the following service(s):
  112.0 units of Drug Services
  4.0 units of Integumentary/Musculoskeletal Surgery Services
- Records contained in the case file included:
  Reconsideration Request
  Authorization to Represent the Appellant
  Medical Records/Treatment Records
  Redetermination File

## Decision

A panel of clinical experts consisting of a physician and a licensed health care professional reviewed the claim(s).

The decision on your appeal is shown below:

| Medicare Coverage | Claim Number (ICN) | Procedure / Date of Service |
|---|---|---|
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/30/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/26/2024) |
| Non-covered | [redacted] | Q4204: Xwrap Wound Cover, Per Sq Cm - (04/18/2024) |
| Dismissed | [redacted] | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/26/2024) |
| | [redacted] | 15272: Skin Sub Graft T/A/L Add-On - (04/26/2024) |
| Dismissed | [redacted] | 15272: Skin Sub Graft T/A/L Add-On - (04/18/2024) |
| | | 15271: Skin Sub Graft Trnk/Arm/Leg - (04/18/2024) |

We have determined that the provider is responsible for the denied charges.

## Explanation of the Decision

Claim Number: [redacted]

Medicare provides coverage for items and services that are reasonable and necessary to diagnose or treat an illness or injury or to improve the functioning of a malformed body member. Payment is excluded if the medical necessity for the service cannot be substantiated. [Section 1862(a)(1)(A) of the Social Security Act (the Act); and the Centers for Medicare & Medicaid Services (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-02, Medicare Benefit Policy Manual (MBPM), Chapter 16, Sections 20 and 90]

CMS issues National Coverage Determinations (NCDs) that specify whether certain items, services, procedures or technologies are reasonable and necessary under Section 1862(a)(1)(A) of the Act. In the absence of an NCD, Medicare contractors are responsible for determining whether services are reasonable and necessary. If no Local Coverage Determination (LCD) exists for a particular item or service, the Medicare Administrative Contractors (MACs), Comprehensive Error Rate Testing (CERT), Recovery Auditors (RAs), and Unified Program Integrity Contractors (UPICs) shall consider an item or service to be reasonable and necessary if the item or service meets the following criteria:
• It is safe and effective;
• It is not experimental or investigational; and
• It is appropriate, including the duration and frequency in terms of whether the service or item is:
- Furnished in accordance with accepted standards of medical practice for the diagnosis or treatment of the beneficiary's condition or to improve the function of a malformed body member;
- Furnished in a setting appropriate to the beneficiary's medical needs and condition;
- Ordered and furnished by qualified personnel; and,
- One that meets, but does not exceed, the beneficiary's medical need.
[The CMS IOM, Pub. 100-08, Medicare Program Integrity Manual (MPIM), Chapter 3, Section 3.6.2.2]

The service, dual layer Impax membrane, per square (sq) centimeter (cm) (Q4262), application of skin substitute (15271) and application of skin substitute (15272), at issue was submitted for payment and denied. Upon redetermination, an unfavorable decision was made because the service was determined to be not reasonable and necessary and investigational. The MAC based their decision on Medicare law, regulation and/or policy, which was cited in the redetermination decision. The Qualified Independent Contractor (QIC) conducts an independent and de novo review of the case and the applicable law(s), regulation(s), and/or policy(ies) used in rendering this decision is referenced above.

A reconsideration request was submitted to appeal the denial of the service noted above. The QIC has reviewed the case file and evidence submitted by the appellant. In this instance, the medical records reflect the beneficiary has a chronic leg wound and has failed previous interventions.

However, the QIC finds that Impax amniotic membrane (Q4262) is experimental and investigational as denoted by the Q code status nonmenclature. Under Medicare law, no payment can be made under Medicare for any expenses incurred for items or services that are considered investigational and are not considered reasonable and necessary. Since Impax amniotic membrane (Q4262) is considered investigational and is not payable as per CMS, it is the QIC's determination that the Impax amniotic membrane barrier (A4262) does not meet the medically reasonable and necessary requirements of Section 1862(a)(1)(A) of the Act. Therefore, no payment can be allowed.

In conclusion, the decision of the QIC is unfavorable.

This pertains to the application of skin substitutes (15271) and application of skin substitute (15272).

Section 1869 of the Social Security Act (the Act) entitles any individual dissatisfied with the contactor's redetermination to file a request, within 180 days of receipt of the redetermination, for a reconsideration. [The Centers for Medicare & Medicaid (CMS) Internet-Only Manual (IOM), Publication (Pub.) 100-04, Medicare Claims Processing Manual (MCPM), Chapter 29, Section 320]

Based on the information available, there was not a redetermination (first level of appeal) conducted by the Medicare Administrative Contractor (MAC). You must first appeal to the MAC. If the MAC reviews your case and makes an unfavorable partially unfavorable decision, you will then have appeals rights to file a request for reconsideration (second level appeal) with C2C Innovative Solutions, Inc. If you disagree with this dismissal, you have two options:

1. If you think you have good and sufficient cause or we have made an error, you may ask us to vacate our dismissal in accordance with Title 42 Code of Federal Regulation (42 CFR) Section 405.972(d). We will vacate our dismissal if we determine you have good and sufficient cause. If you want to request that we vacate this dismissal, you must file a request within six months of the date of this notice. In your request, please explain why you believe you have good and sufficient cause. Please send your request to:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

2. If you think we have incorrectly dismissed your request (for example, you believe that a redetermination was conducted), you may request a hearing by an Administrative Law Judge (ALJ) pursuant to 42 CFR Section 405.1004. The amount in controversy must be over $180.00, and your request must be filed within 60 days of receipt of this letter. The ALJ will have 90 days to complete the review. In your request, please explain why you believe the dismissal was incorrect. The ALJ's review will be limited to whether the dismissal was appropriate based on the evidence in the case at the time of the QIC's review. If the ALJ determines that the QIC's dismissal was in error, he or she vacates the dismissal and remands the case to the QIC for a reconsideration. For more information on how to appeal, see the page entitled "Important Information About Your Appeal Rights."

42 CFR Section 405.966(a)(2) states that all evidence that is not submitted prior to the issuance of the reconsideration decision will not be considered at the ALJ level, or made part of the administrative record, unless the appellant demonstrates good cause as to why the evidence was not provided prior to the issuance of this decision. This requirement does not apply to beneficiaries, unless they are represented by a physician/supplier or a provider of services.

The decision of the QIC is to dismiss the service(s).

Claim Number: [redacted]

The decision of the QIC is unfavorable and the dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable and to dismiss. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number: [redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

Claim Number[redacted]

The decision of the QIC is unfavorable. Please see complete decision under internal control number (ICN) 6624299614000.

**Who is Responsible for the Bill?**

When services are denied as not medically reasonable and necessary under the Medicare program, the QIC must also determine if the provider or beneficiary is liable for payment. Section 1879(a)-(g) of the Social Security Act, also referred to as "the limitation on liability provision," spells out how to arrive at this decision.

Medicare regulation, 42 Code of Federal Regulations Section 424, requires providers to be familiar with Medicare rules and regulations. In addition, 42 Code of Federal Regulations Section 411.406 provides criteria for determining when a provider is responsible for payment for the services considered not reasonable and necessary. This regulation states that providers are presumed to have knowledge of published Medicare coverage rules and regulations, the Centers for Medicare & Medicaid Services rulings, Medicare coverage policies in Noridian Healthcare Solutions, LLC Part B bulletins or websites, and acceptable standards within the local community. The QIC finds that the provider is liable for the denied charges. The record does not support the beneficiary was notified in advance with a properly executed Advance Beneficiary Notice or other applicable notice as required by the Social Security Act that Medicare would likely deny payment for the service(s) at issue. The beneficiary cannot be charged for these service(s).

## Other Important Information

This decision applies only to the services and circumstances considered on the claim in question. If you need more information or have any questions regarding your case, please contact us at the address below or at the telephone number listed on page one of this letter. If you want copies of the applicable statute, regulations and/or the Centers for Medicare & Medicaid Services (CMS) Coverage Manual sections used in this decision, please write to us at the following address and attach a copy of this letter:

QIC Part B North
C2C Innovative Solutions, Inc.
P.O. Box 45258
Jacksonville, FL 32232-5258

**Medicare Appeal Number:**

**1-15371266459**

## Appeal Details

| **Beneficiary** | [redacted] |
|---|---|
| **Provider** | **WYOMING MEDICAL ASSOCIATES, LLC** |

| **Claim Number** | **Date of Service** | **Procedure** | **Medicare QIC Decision** |
|---|---|---|---|
| [redacted] | 04/26/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/26/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/18/2024 | 15271: SKIN SUB GRAFT TRNK/ARM/LEG | Dismiss |
| | 04/18/2024 | 15272: SKIN SUB GRAFT T/A/L ADD-ON | Dismiss |
| | 04/30/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/26/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |
| | 04/18/2024 | Q4204: XWRAP WOUND COVER, PER SQ CM | Unfavorable |

THIS IS NOT A BILL – Keep this letter or a copy for your records.

**IMPORTANT INFORMATION ABOUT YOUR APPEAL RIGHTS**

## Your Right to Appeal this Decision

If you disagree with this decision, you may appeal the decision to an Administrative Law Judge (ALJ) at the Office of Medicare Hearings and Appeals (OMHA).

*As of **1/1/2025**, you must have **$190.00 in dispute to appeal to an ALJ.*** A claim can be combined ("aggregated") with others to reach this amount if: (1) the other claims have also been decided by a QIC; (2) all of the claims are listed on your request for hearing; (3) your request for hearing is received by OMHA within 60 calendar days of receipt of all of the QIC reconsiderations being appealed; and (4) you explain why you believe the claims involve similar or related services.

You can find more information about your right to an ALJ hearing at www.hhs.gov/omha or call toll-free 1-855-556-8475.

## How to Appeal – Online or Mail

To exercise your right to appeal, you must file a written request for an ALJ hearing. You may appeal by mail or online and the request must be received by OMHA within 60 calendar days of receiving this letter. Receipt of this letter is presumed to be 5 days after the date on this notice unless you can show you did not receive the letter within that time. If you are filing your request late, you must explain why your request is being filed late. More information on late filing is available at: http://cms.gov/latefile. After you file an appeal, you may check your appeal's status via the OMHA website at www.hhs.gov/omha (click on Appeal Status Lookup).

To file your request, please use **Form OMHA-100**, available at: www.hhs.gov/omha/forms/index.html. If you do not use the form, your request for hearing must include the following:

1. The beneficiary's name, address, telephone number, and Medicare number;
2. The name, address, and telephone number of the person appealing, if the person is not the beneficiary;
3. The representative's name, address, and telephone number, if any;
4. The Medicare appeal number listed on the front page of this reconsideration notice;
5. The dates of service for the claims at issue;
6. The reasons why you disagree with the QIC's reconsideration; and
7. A statement of any additional evidence to be submitted and the date it will be submitted.

To appeal **ONLINE**, visit the OMHA e-Appeal Portal (Portal) at https://hhs-ecape-portal.entellitrak.com and register for an account. Through the Portal, you may directly upload Form OMHA-100 or a request for hearing that includes the elements above. To learn more about the Portal, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475. Beneficiaries and their representatives can also call the OMHA Beneficiary toll-free line at 1-844-419-3358.

To appeal BY MAIL (tracked delivery is suggested), send your request to:

**OMHA Central Operations**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

If you are a beneficiary or you represent a beneficiary, mail your hearing request to:

**OMHA Central Operations**
**Attn: Beneficiary Mail Stop**
**1001 Lakeside Ave., Suite 930**
**Cleveland, OH 44114-1158**

For help, or more information on the OMHA beneficiary prioritization program, including limitations for beneficiaries represented by a provider/supplier, or a shared representative, beneficiaries and their representatives can call the OMHA Beneficiary toll-free line at 1-844-419-3358 or visit the OMHA website at www.hhs.gov/omha.

Whether you file by mail or online, you must send a copy of your request for hearing to the other parties who received a copy of this decision (for example, the beneficiary or provider/supplier). Please do not send a copy of your hearing request to the QIC that issued this decision or to the Medicare Administrative Contractor that issued the redetermination.

## Who May File an Appeal

You or someone you name to act for you (your **appointed representative**) may file an appeal. You can name a relative, friend, advocate, attorney, doctor, or someone else to act for you. You and your appointed representative must sign and date a statement naming that person and send it with your request for hearing. To learn more about having a representative, visit www.hhs.gov/omha or call toll-free at 1-855-556-8475.

## Help With Your Appeal

You can have a friend or someone else help you with your appeal. If you have any questions about payment denials or appeals, you can also contact your State Health Insurance Assistance Program (SHIP). To find out how to contact your local SHIP, call 1-800-MEDICARE (1-800-633-4227).

## Other Important Information

If you want copies of statutes, regulations, and/or policies we used to arrive at this decision, please write to us and attach a copy of this letter, at:

**C2C Innovative Solutions, Inc.**
**A Medicare Contractor**
**P.O. Box 45258**
**Jacksonville FL 32232-5258**

If you have questions, please call us at the phone number provided on the front of this notice.

## Other Resources To Help You

1-800-MEDICARE (1-800-633-4227),
TTY/TDD: 1-800-486-2048

If you need large print or assistance, call 1-800-633-4227